ROSE ONOFRIO, ADMINISTRATRIX (ESTATE OF RALPH ONOFRIO) *v.* HOWARD S. PALMER ET AL., TRUSTEES OF THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 12—decided June 28, 1945.

*Thomas R. Fitzsimmons,* for the appellant (plaintiff).

258

 

*Edwin H. Hall,* with whom was *Thomas J. O'Sulli-van,* for the appellees (defendants).

PER CURIAM. The defendants are trustees of the New York, New Haven and Hartford Railroad Company, a common carrier engaged in interstate commerce, and this action for negligence was brought under the provisions of the federal Employers' Liability Act. It was tried to the court and the plaintiff has appealed from a judgment for the defendants.

The plaintiff's intestate, Onofrio, was employed by the defendants as a watchman to patrol railroad tracks that ran through two tunnels and a cut between New Haven and Branford, and particularly to watch out for fallen rocks in the cut. There was sufficient room in the tunnels and cut for a person to stand in the ditch beside the tracks clear of passing trains. On April 10, 1942, Onofrio was working on a 4:00 p. m. to midnight shift. He was required to report to a train dispatcher by telephones located in the cut and tunnels for this purpose. His last telephone report was made at 9:18 p.m. on that date. His body was discovered by his relief man about midnight, lying in the ditch beside the tracks, about two hundred feet from one of the tunnels. His time clock was stopped between 9:29 and 9:30 p.m. Death had been instantaneous and he had suffered a fractured skull and a crushed body. He had not been run over. An eastbound passenger train that was late was rerouted at the New Haven yards from the eastbound to the westbound track and passed through the tunnels and cut on this track at about 9:23 p.m. No eyewitnesses testified to the cause of Onofrio's injuries or to the place where he was at the time he was injured. These facts were not disputed.

The plaintiff claimed that Onofrio was struck and

killed by the rerouted train as a result of the negligence of the defendant in failing to make adequate provision for his safety, to give warning of the rerouting of the train, and to keep a proper lookout for his presence on the track. The trial court concluded that there was no evidence from which it could find the manner in which Onofrio came to his death or that any negligence of the defendants was a proximate cause of it. Even if the plaintiff were entitled, as she claims, to a correction of the finding to the effect that Onofrio was killed by the rerouted train, it would not be determinative of her appeal. While under the federal Employers' Liability Act the defendants were deprived of the right to claim contributory negligence as a complete defense, it was still incumbent upon the plaintiff to prove them negligent. 35 Stat. 65, 53 Stat. 1404, 45 U.S.C. § § 51, 53. The conclusion of the court that the evidence was insufficient to justify an inference that Onofrio met his death as a result of the defendants' negligence was one that this court cannot disturb. *Latham* v. *Hankey,* 117 Conn. 5, 10, 166 Atl. 400; *Sigel* v. *Gordon,* 117 Conn. 271, 274, 167 Atl. 719; *Kligerman* v. *Rosenstein,* 128 Conn. 455, 457, 23 Atl. (2d) 925; and see *Edgecomb* v. *Great Atlantic & Pacific Tea Co.,* 127 Conn. 488, 492, 18 Atl. (2d) 364.

There is no error.