ALBERT T. DeCARLO, ADMINISTRATOR (ESTATE OF EMILIO J. DeCARLO) *v.* ANDREW FRAME ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 4—decided April 14, 1948

*Julius B. Kuriansky,* with whom, on the brief, was *Samuel Gordon,* for the appellant (plaintiff).

*Henry J. Lyons,* with whom, on the brief, was *J. Kenneth Bradley,* for the appellee (named defendant).

*Philip R. Shiff,* for the appellee (defendant Sack).

DICKENSON, J.  This is an action for damages for the death of the plaintiff's decedent while riding as

a passenger on a motorcycle. The plaintiff has appealed from a judgment for the defendants, assigning error in a ruling of the court granting the defendants the right to a peremptory challenge of a juror. As our decision of this issue is determinative of the appeal, we do not consider a further claim of error in a ruling on evidence.

The jurors were examined on voir dire on motion of the plaintiff. The fourth juror called was accepted by all parties following an examination and retired to a separate room with other accepted jurors. Examination of the remaining jurors was continued until twelve were accepted. Before they were sworn, counsel for a defendant stated to the court that he wished to exercise one of his remaining peremptory challenges as to the fourth juror because it had appeared from his examination on the voir dire that, twenty-five or twenty-six years before, he had operated a motorcycle with a passenger on it, a circumstance similar to that involved in the case to be tried and which, it was felt, might prejudice him in favor of the plaintiff. The plaintiff objected, claiming that, the defendant having accepted the juror, he should be sworn with the others with whom he had been "segregated." The trial court ruled that the defendant had the right to challenge the juror and excused him. Thereafter, additional jurors were called and examined and one of these was accepted to serve in place of the juror who was excused. No new facts affecting the latter's qualifications were adduced between the time he was accepted and the time he was challenged. At the time of the challenge, the plaintiff had exhausted all of his peremptory challenges.

The only statute specifically relating to peremptory challenges in civil cases is General Statutes,

§ 5577, which provides that: "On the trial of any civil action, each party may challenge peremptorily four jurors, except in an action before a justice of the peace, when one juror only may be peremptorily challenged by each party." General Statutes, § 5559, entitled "Examinations of jurors as to qualifications," provides: "In any civil or criminal action tried before a jury, either party may examine each juror as to his qualifications to sit as a juror in such action, or as to his interest, if any, in the subject-matter of such action, or as to his relations with the parties thereto; and, if the judge before whom such examination shall be held shall be of the opinion from such examination that any juror would be unable to render a fair and impartial verdict, such juror shall be excused by the judge from further service on the panel, or in such action, as such judge may determine." This statute relates to the power of the court alone to excuse, and it is the contention of the plaintiff that the trial court did not exercise its discretion under the statute in excusing the juror in question but allowed the defendant's counsel to use a peremptory challenge as a matter of right. The claim is supported by the record. Upon the plaintiff's objection to the exercise of the challenge, the trial court said of defendant's counsel, "He is not asking me; he is wishing to exercise the right of challenge," and then excused the juror.

In *State* v. *Potter*, 18 Conn. 166, a criminal action decided more than one hundred years ago, a similar question was presented; the precise question has not been before us since. In that case a talesman had been examined and no cause for challenge was shown against him. The court then told counsel that if they intended a peremptory challenge they must make it at that time. After the panel had been filled,

defendants' counsel claimed the right to challenge this juror peremptorily. They were inquired of by the court whether any reason for such a challenge then existed which did not exist when they before declined to exercise the right and answered in the negative. The trial court then decided that it was too late to challenge. We held (pp. 175–176) that, while the existing statute (Statutes, Compilation of 1838, p. 176, § 137) provided for peremptory challenges when the jurors were "summoned and impannelled," jurors were "impannelled" before they were sworn and must be challenged before they were sworn; and that the trial court directs the progress of the trial and, while it might relieve against the rule when not to do so would be to prejudice the defendant, where nothing had occurred between the time the defendant refused to exercise his challenges and the time he sought to, it was not error to refuse to allow the challenge.

The history of the right of peremptory challenges in criminal cases is discussed at length in *Pointer* v. *United States,* 151 U. S. 396, 411, 14 S. Ct. 410, 38 L. Ed. 208. It is there pointed out that the practice, in England and in some of the states in this country, was to have the question of peremptory challenge as to each juror, sworn on his voir dire and found to be free from legal objection, determined as to him before another juror was examined, but that this was not the only method that might be pursued and that the test is that the rule adopted must be adapted to secure all the rights of the accused. It is further stated in that case (p. 408) that "the right to challenge a given number of jurors without showing cause is one of the most important of the rights secured to the accused," and (p. 410) that "where the subject is not controlled by statute, the order in

which peremptory challenges shall be exercised is in the discretion of the court." The court held in the case before it that rights of the accused, who had been required to make all of his peremptory challenges at one time, had been fully recognized.

The plaintiff in his brief cites numerous authorities which hold that once a juror is accepted by all parties he cannot later be peremptorily challenged. These, like our own case of *State* v. *Potter,* supra, are, almost without exception, criminal actions, but we see no distinction in principle, as to the application of the rule, between criminal and civil cases. Some of the cases have to do with statutory provisions which of course govern. *People* v. *Curran,* 286 Ill. 302, 305, 121 N. E. 637; *State* v. *Scott,* 41 Minn. 365, 366, 43 N. W. 62; *People* v. *McQuade,* 110 N. Y. 284, 18 N. E. 156. In others, where there is no statutory regulation, it is held, generally, that once a juror is accepted, with opportunity for exercise of a peremptory challenge, he may not later be challenged except for cause later appearing. *Andrews* v. *State,* 152 Ala. 16, 22, 44 So. 696; *McDonald* v. *State,* 172 Ind. 393, 400, 88 N. E. 673 (citing *State* v. *Potter*). The cases all support the proposition stated in *State* v. *Potter,* supra, 176, that, when the party "has had a fair opportunity to do this [exercise his right of peremptory challenge] he has had the privilege the statute confers upon him," qualified (p. 177) by the condition that nothing "new has occurred since the juror was directed to take his seat as juror."

If in the case before us the trial court had denied the right to the peremptory challenge, the decision in *State* v. *Potter* would be conclusive of no error. The fact that it was granted presents a further question. As has been noted, there is no statutory regulation as to the time and manner in which the right

should be exercised, but in *State* v. *Potter* the court refers (p. 176) to the ruling as "our practice," and the basis of its decision is that "The order of time and manner of proceeding . . . must . . . be under the direction of the court, unless the statute prescribes otherwise." The effect of that decision is to hold that a party has no right to a peremptory challenge after a juror has been accepted but that the court has the power, up to the time the juror is sworn, to vary the rule and permit the challenge where the ends of justice so require. See *State* v. *Klein*, 97 Conn. 321, 325, 116 A. 596; *Vallejo & Northern R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545, 559, 147 P. 238; *State* v. *Hunter*, 118 Iowa 686, 689, 92 N. W. 872. This rule has the support of reason, as is illustrated by the situation in the instant case. The defendant neither sought to have the juror excused by the court for cause nor challenged him peremptorily after his examination. He apparently reserved his challenges for a greater need, and when the panel was completed and no such need had appeared he exercised his challenge for reasons earlier disclosed upon the examination, after the plaintiff had exhausted his own peremptory challenges and had none to use as to jurors called and examined to take the place of the excused juror.

We reaffirm the rule as follows: When the examination is on the voir dire, a party has no right to a peremptory challenge after he has accepted a juror upon the conclusion of his examination; but the court, where the ends of justice so require, may in its discretion permit such a challenge to be made at any time before the jury is sworn. As the trial court in the case before us did not permit the challenge in the exercise of its discretion but in effect ruled that

536

the defendant was entitled to make it as a matter of right, we are constrained to find error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion, MALTBIE, C. J., BROWN and ELLS, Js., concurred.

JENNINGS, J. (dissenting). It seems to me that, when a statute gives the right to peremptory challenges, that right continues until the jury is sworn and that this is in accord with the weight of authority, *State* v. *Potter* to the contrary notwithstanding. The importance of the right is well expressed in *Pointer* v. *United States,* 151 U. S. 396, 411, 14 S. Ct. 410, 38 L. Ed. 208, and my reasons for preferring the rule stated above will be found in *People* v. *Carpenter,* 36 Hun (N. Y.) 315, 318; *Whittemore* v. *State,* 151 Md. 309, 316, 134 A. 322, 324; and *Avila* v. *United States,* 76 F. 2d 39. Furthermore, the statement in 5 C. J. S. 902, § 1708b, indicates that even if the ruling of the trial court was erroneous a new trial should not be ordered unless prejudice is shown.