JOSEPH EHRHARD, ADMINISTRATOR (ESTATE OF JOHN
R. EHRHARD) *v.* MOSES TAYLOR

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 15—decided August 9, 1949.

*Philo C. Calhoun,* with whom were *Arthur C. Williams* and, on the brief, *Leonard McMahon,* for the appellant (plaintiff).

*Philip B. Lyster,* with whom was *George N. Foster,* for the appellee (defendant).

ELLS, J.   A boy eighteen months old ran or toddled from the curb onto Grassy Plain Street in Bethel and was struck and killed by a truck driven by an employee of the defendant, the owner of the vehicle.  The administrator of the child's estate brought this action, upon the trial of which the sole issue was the negligence of the driver.  The jury returned a verdict for the defendant, and the plaintiff has appealed from the denial of his motion to set it aside and from the judgment.

Nine assignments of error relate to the charge. Upon the trial, experienced counsel for the plaintiff made one objection only to the charge and that was directed to a matter not involved in this appeal. There were no requests to charge. Other counsel have come into the case upon the appeal, and they now contend that, although the plaintiff failed to comply with § 156 of the Practice Book, the charge in the present case presents an exceptional situation which merits consideration. We have refused to make exceptions in the application of the rule from the date of its adoption, except in cases where the circumstances were of an unusual and compelling character, as in *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 674, 47 A. 2d 187. We have examined the present situation and have decided that it is not such as to warrant relaxation of the rule.

A further reason for our refusal to consider the alleged errors in the charge is that the principal assignment attacks the failure to charge that the defendant was negligent as a matter of law. It is the main issue raised by the claim that the court erred in refusing to set the verdict aside. The jury reasonably could have found the following facts: The accident happened on August 14, 1945, at about 8:30 in the morning of a clear dry day. The defendant's truck was being operated in a southerly direction on Grassy Plain Street, which is straight and level for a distance of 345 feet north of the scene of the accident. The street is a paved highway approximately 40 feet in width. While the truck was proceeding at a speed of 18 to 20 miles an hour, the operator, to use his words, saw a child "darting out" from in front of a car which was parked on the right or west side of the road and headed north. The child was about three feet from the truck when the driver first saw him. He pulled

to the left, applied his brakes and stopped the truck so that the rear of it was about three feet beyond the child. The boy had come in contact with the truck between the front and the running board, at a point ten feet or more from the west curb. The truck did not pass over his body. As the driver approached the point of the accident he did not see the child, but when he arrived almost at the point of impact he looked to the right and saw him. Before he saw him he was looking to his left side, watching two little children playing on the running board of a car parked on the east side of the street.

The only testimony as to the course taken by the child was given by a plaintiff's witness, a fourteen-year-old girl who was eleven at the time of the accident. She said that she was looking out of her bedroom window; that she saw the baby standing near the curb, between a pole and a parked car; that there were two little children across the street "getting a ball . . . and he went across to help them, I suppose, . . . and I saw him back down off the curb and start to walk across the street." When asked if she had not told the coroner that the child was running, she replied that she had; that running and walking were about the same as applied to a baby.

The jury reasonably could have found that the child was crossing the street to join the other children, one of whom was his three-year-old sister, and that before he backed down from the curb he was concealed from the driver's view by the utility pole. The essence of the plaintiff's claim is that at all times during the driver's progress down the street his entire attention was directed to watching the children who were playing on the left side of the road, and for this reason alone he failed to see the child at his right. The contention is based wholly upon the driver's so-called ad-

missions on the witness stand and in his motor vehicle report. His testimony does not support the claim. It is true that for a distance of several hundred feet there was nothing in the highway to interfere with the driver's vision. He was asked where he was looking "before [he] saw this little child on the right-hand side," and he replied: "I was looking on the left-hand side watching the little children playing on the roadside there." On cross-examination he was asked: "Now there was a car parked south of this D & P Pole 25, was there not? . . . that car didn't obstruct your view of the child, did it?" He answered: "The car did not." Upon redirect examination he was asked: "Was there anything else that obstructed the view of the child?" and he answered: "There was a utility pole there."

The question whether the driver was guilty of negligence in failing to keep a proper lookout and in striking the deceased is a matter of common-law negligence which generally presents a question of fact for the trier. *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 251, 21 A. 675; *Onofrio* v. *Palmer*, 132 Conn. 257, 259, 43 A. 2d 454. In the present case, we find no "admissions" on the part of the driver which require a holding that he was guilty of actionable negligence as a matter of law. The crux of the plaintiff's claim is that reasonable care on the part of the driver under the circumstances then existing required as a matter of law a reasonable amount of attention to and observation of the west side of the highway. The jury reasonably could have found that the driver, under the circumstances which confronted him, was reasonably attentive to the course he was taking. It was their duty to examine the evidence and, from the facts they believed to represent the true story, determine whether or not the lookout the driver was keeping as he drove along was the same sort of lookout that a reasonably prudent

operator of that truck would have kept under similar circumstances.

The plaintiff attempts to support his claim that the jury had no choice but to find that the driver failed to keep a proper lookout by means of mathematical calculations to show the length of time the operator had in which to see and avoid the boy. The calculations are of little value unless the arbitrary assumptions of fact are accepted. They were at best mere estimates and are not convincing. *Gardiner* v. *Hayes*, 128 Conn. 332, 335, 22 A. 2d 627.

Similar considerations govern the allegations of the complaint as to speed, control and signal. They were questions of fact for the jury to determine.

There is no error.

In this opinion BROWN, JENNINGS and DICKENSON, Js., concurred.

MALTBIE, C. J. (dissenting). Baldly stated, the majority opinion holds that the driver of a truck can be reasonably found not negligent under these circumstances: In broad daylight on a clear day, he was driving along a straight, level street, forty feet wide, at a speed of eighteen to twenty miles an hour; on his own testimony he was watching some children playing about a car on the left side of the street, and neither he nor any other witness testified that he looked in any other direction until the front of the truck had passed the decedent; and until then the driver did not see the decedent, an eighteen-month-old baby, who had backed down off the curb, toddled out into the street from the driver's right for a distance of ten feet or more, and was killed by contact with the side of the truck. I can't quite stick that proposition.