JOHN WALCZAK *v.* CHARLES DANIEL ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued June 9—decided July 18, 1961

*John P. McKeon,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellant (plaintiff).

*William W. Sprague,* with whom was *John R. FitzGerald,* for the appellees (defendants).

Bordon, J.  This is an action to recover damages for injuries claimed to have been caused by the negligence of the defendants.  The jury returned a verdict for the defendants, and from the judgment rendered thereon the plaintiff has appealed. Although there are four assignments of error, only two are pursued.  The plaintiff claims error in the

court's failure to charge the jury adequately on defective brakes and its refusal to allow the plaintiff the right to exercise a peremptory challenge on a juror already accepted but not yet sworn.

The complaint, among ten specifications of negligence, alleges that the defendants' vehicle was operated "with defective or inadequate brakes" or that the operator "failed to appy his brakes in time to avoid" the collision. The plaintiff claims to have offered evidence of defective brakes through the testimony of the defendant operator and the presence of skid marks for 121 feet. The defendants claim to have offered testimony that the brakes were in good condition prior to the accident and were damaged as a result of the collision. The court charged the jury that "the operator of an automobile on the highway, must have [it] . . . under reasonable and proper control at all times, and when reasonable care requires, must reduce its speed or bring it to a stop or turn out to avoid colliding with a person or property of other persons on the highway," and that the operator "must make such reasonable use of his brakes as a reasonably prudent man would do under similar circumstances." The plaintiff claims that this charge, in view of evidence indicating defective brakes, was inadequate to guide the jury to a proper consideration of that evidence.

Where, as here, a specific statute is involved, § 153 of the Practice Book requires that a "written request to charge on the legal principle involved" be filed before the beginning of the arguments and that it contain "a single proposition of law clearly and concisely stated." The plaintiff did not file any request to charge, leaving it to the court to deal with the subject as it saw fit. Had the plaintiff desired particular reference to be made to a

breach of the statute concerning adequate brakes (General Statutes § 14-80 [a]), he should have requested a specific charge on this issue. The request should have referred to the specific statute which he claimed was violated. What is required is a request to charge "on the legal principle involved." *State* v. *McNamara,* 128 Conn. 273, 275, 22 A.2d 10. The purpose of the requirements of § 153 is clear. They are intended to afford the court an opportunity to place the requests to charge in the charge in their proper relation to the rest of the charge. The court may restrict its charge to claims actually made on the trial. It is not required to deal specifically with those which might have been made. *Syms* v. *Harmon,* 134 Conn. 653, 656, 60 A.2d 166. It is for that reason that the rule contemplates that a request to charge will be given to the court before the commencement of the arguments. *Antz* v. *Coppolo,* 137 Conn. 69, 72, 75 A.2d 36. Such a request, seasonably filed, would have given the court in the present case an opportunity to consider the contents of the request and incorporate them in the charge. See *Lowell* v. *Daly,* 148 Conn. 266, 270, 169 A.2d 888; *State* v. *McNamara,* supra.

At the conclusion of the charge, the plaintiff excepted as follows: "I heard no charge in relation to brakes, and if the Court didn't charge on that, I take exception." The exception was meaningless in view of the court's discussion of the subject and was not in conformity with § 153 of the Practice Book, which requires that an exception "shall state distinctly the matter objected to and the ground of objection." See *Maggi* v. *Mendillo,* 147 Conn. 663, 669, 671, 165 A.2d 603; *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 20, 118 A.2d 798; *Borsoi* v. *Sparico,* 141 Conn. 366, 371, 106 A.2d 170; *Chapin* v.

*Popilowski,* 139 Conn. 84, 85, 90 A.2d 167; *Ehrhard* v. *Taylor,* 136 Conn. 13, 14, 68 A.2d 133; *Albrecht* v. *Rubinstein,* 135 Conn. 243, 246, 63 A.2d 158; *Greenwald* v. *Wire Rope Corporation of America,* 131 Conn. 465, 470, 40 A.2d 748. Under the procedure which was followed here, the charge is not subject to review. The error claimed is "as to the giving of, or the failure to give, an instruction," within the meaning of § 153. Under that section, we are not bound to consider such an error "unless the matter is covered by a written request to charge or exception has been taken . . . immediately after the charge is delivered." Here, there was no written request to charge and no proper exception. Cases cited in the plaintiff's brief to support his claims are inapplicable because they preceded the adoption of § 153.

The plaintiff also claims that the trial court abused its discretion in refusing to allow him to exercise one of his peremptory challenges on a juror who had already been accepted but was not yet sworn. See General Statutes §§ 51-240, 51-241. The juror in question had been accepted after disclosure on the voir dire that he was acquainted with two members of the firm which included the defendants' counsel. After a court recess, the plaintiff informed the court that during the recess he had learned that the juror was a frequent "letter to the editor" writer and was noted for his attacks on spending and waste. The plaintiff appealed to the court's discretion to permit him to exercise his remaining peremptory challenge to excuse the juror. The court denied the plaintiff's motion.

In *DeCarlo* v. *Frame,* 134 Conn. 530, 535, 58 A.2d 846, we reaffirmed the rule that "[w]hen the examination is on the voir dire, a party has no right

to a peremptory challenge after he has accepted a juror upon the conclusion of his examination; but the court, where the ends of justice so require, may in its discretion permit such a challenge to be made at any time before the jury is sworn." See also *State* v. *Taborsky,* 147 Conn. 194, 213, 158 A.2d 239; *State* v. *Potter,* 18 Conn. 166, 176; cf. *Bluett* v. *Eli Skating Club,* 133 Conn. 99, 104, 48 A.2d 557. The court was faced with an issue which involved an exercise of its discretion. The plaintiff's claims that the acceptance of the juror was "ill advised" and "by standards of the trial as an art a tactical blunder" are not adequate grounds on which to predicate an abuse of the court's discretion. Under the circumstances of this case, that discretion was not abused.

There is no error.

In this opinion the other judges concurred.