WILLIAM F. BLEAKLEY *v.* THE KNIGHTS OF COLUMBUS HOME OF DANBURY, CONN., INC.

SUPERIOR COURT  FAIRFIELD COUNTY  FILE No. 121913
AT BRIDGEPORT

Memorandum filed December 6, 1965

*Hornig & Novack,* of Danbury, for the plaintiff.

*Paul V. McNamara,* of Bridgeport, for the defendant.

ARMENTANO, J. This is an action by a real estate broker claiming a real estate commission for procuring a customer ready, willing and able to purchase the premises known as 83 Main Street, Danbury, Connecticut, owned by the defendant. In paragraph 1 of his complaint, the plaintiff alleges that "on or about March 25, 1964, the defendant engaged the plaintiff as agent to negotiate the sale" of said premises. To this complaint the defendant demurs, assigning as reasons therefor that said complaint does not aver any written listing agreement between

the parties containing (a) terms and conditions of sale, (b) commission to be paid, (c) expiration date of such agreement, (d) the signature of all parties concerned, and (e) description of the property to be sold, all of which are required by § 20-328-1 of the rules and regulations of the insurance commissioner.

Section 20-328 of the General Statutes authorizes the insurance commissioner to make and enforce reasonable regulations as he deems necessary relating to "the manner in which licensed brokers or salesmen shall conduct the real estate business." Section 20-328-1 of the regulations of the insurance commissioner, effective January 28, 1964, reads as follows: "Listing Agreements. All listing agreements shall be in writing, properly identifying the property and containing all of the terms and conditions of the sale, including the commission to be paid, the expiration date, and the signatures of all parties concerned. An exclusive agency listing or exclusive right to sell listing shall be clearly indicated in the listing agreement." Conn. Dept. Regs. § 20-328-1. Section 20-320 (12) of the General Statutes authorizes the insurance commissioner to suspend or revoke the license of any real estate broker for "a violation of any regulation issued by the commissioner."

The issue presented by the demurrer is: Can a real estate broker maintain an action for a commission when the broker has not complied with § 20-328-1 of the regulations of the insurance commissioner? The answer is Yes.

The contract sought to be shown was one for personal service. *Rathbun* v. *McLay,* 76 Conn. 308, 310. As such, it can be expressed, written or oral, or implied in fact. It does not require a writing and is not within the Statute of Frauds. General Statutes § 52-550; *Stagg* v. *Lawton,* 133 Conn. 203, 209.

In some states, the Statute of Frauds has been extended by specific statutory enactment to include contracts employing a broker to purchase or sell real estate. This is not true of Connecticut. In this state, the Statute of Frauds has no application to such an agreement. *Cone* v. *Pedersen,* 131 Conn. 374, 377. If our legislature intended agreements between an owner and a real estate broker to be within the Statute of Frauds it could have easily done so by amending the Statute of Frauds (§ 52-550) by the addition of a simple clause therein. It did not do so. " 'The General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces.' " *Knoll* v. *Kelley,* 142 Conn. 592, 595.

Section 20-328-1 of the regulations of the insurance commissioner deals with the conduct of real estate brokers and salesmen. For failure to adhere to said conduct, the insurance commissioner has the power to suspend or revoke the license of any real estate broker or salesman. The legislature did not grant, nor did it intend, that the insurance commissioner should have the power to adopt regulations which would (1) amend or alter the Statute of Frauds so as to bring listing agreements within it, and (2) change our existing law of contracts. The Statute of Frauds and the law of implied contracts are fundamental and basic in our common law. If they are to be altered or changed, it should be done by specific statutory enactment. Regulations in derogation of the common-law rights of a real estate broker should be strictly construed.

The matter at bar is not in the same category as the licensing cases. By statute, a real estate broker must be licensed before he can commence business

in this state. General Statutes § 20-312. The complaint at issue does not state that the plaintiff is a licensed real estate broker. For purposes of this memorandum, the court is assuming that he is so duly licensed.

Accordingly, for the foregoing reasons, the defendant's demurrer dated September 16, 1965, is overruled.