JOHN POVETZ *v.* JOSEPH J. ALEA ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 5-685-9065

Argued September 14—decided October 23, 1970

*Samuel H. D'Ambruoso,* of Derby, for the appellants (defendants).

*James C. Lyons,* of Ansonia, for the appellee (plaintiff).

KINMONTH, J. This is an action to recover money orally promised to be paid by the defendants. The jury returned a verdict for the plaintiff, and from the judgment rendered thereon the defendants have appealed. The defendants claim error in the overruling of their demurrer to the complaint and in the court's refusal to allow the defendants the right to exercise a peremptory challenge of a juror already accepted but not yet sworn.

The complaint in substance alleges that the defendants, real estate brokers, orally agreed with the plaintiff that if the plaintiff's wife and her brother, co-owners of certain real estate, would sell the property to the Gulf Oil Corporation, with whom negotiations were being carried on, the defendants would pay the plaintiff $1000; that at the time that these negotiations were going on with the Gulf Oil Corporation, the owners of the property were also negotiating for its sale with other prospective buyers;

and that the owners relied on the promise of the defendants to pay $1000 to the plaintiff and thus determined that the best deal for them would be to sell the property to the Gulf Oil Corporation, which they did.

The defendants demurred to the complaint on the ground that the fifth paragraph states that the promise to pay the $1000 was by parol; that paragraphs one through eight refer to a real estate transaction; and that the oral promise was in violation of § 52-550 of the General Statutes because it was by parol and not in writing as required by the Statute of Frauds. In testing the allegations against attack by demurrer, we must construe the complaint in the manner most favorable to the pleader. *Rossignol* v. *Danbury School of Aeronautics, Inc.*, 154 Conn. 549, 557. The Statute of Frauds contemplates an agreement for the sale of real estate or any interest in or concerning it. *Maguire* v. *Kiesel*, 86 Conn. 453, 457. "The fact that a certain stipulation is made at the same time and forms a part of an arrangement for the sale of an interest in land, does not prevent an action from being maintained upon it; provided, first, that the action does not tend to enforce the sale or purchase of the interest in land, and, second, that in other respects the stipulation is susceptible of being separately enforced by action. Such stipulations, collateral to the sale, but contained in the same contract, have been repeatedly enforced." *Haviland* v. *Sammis*, 62 Conn. 44, 46; *Maguire* v. *Kiesel*, supra; *Bleakley* v. *Knights of Columbus Home of Danbury, Conn., Inc.*, 26 Conn. Sup. 192, 193. In the instant case, the subject matter of the oral promise was not land or any interest therein; the promise was an incident of and collateral to the actual sale and is separable from the actual agreement of sale. The demurrer was properly overruled.

The defendants' assignment of error directed to the refusal of the court to allow the exercise of a peremptory challenge of a juror who had already been accepted but was not sworn need not be considered, since there was no finding of facts by the trial court. All that appears in the record is what purports to be a transcript from the evidence of what took place respecting the matter. A transcript of evidence is not a finding of facts by the trial court. *Munson* v. *Atwood,* 108 Conn. 285, 290; *State* v. *Chin Lung,* 106 Conn. 701, 717. Since the record does not disclose what transpired, we have nothing which enables us to say that the trial court abused the legal discretion with which it is invested. *Munson* v. *Atwood,* supra; see *Walczak* v. *Daniel,* 148 Conn. 592, 596; *De Carlo* v. *Frame,* 134 Conn. 530, 535. In the absence of a finding, we have nothing before us from which to determine whether the court exercised its discretion unreasonably or wisely.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.