Oscar G. Soderstrom *v.* Country Homes of Norwalk, Inc.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued October 2—decided November 8, 1945.

*Sidney Vogel,* for the appellant (defendant).

*Frank J. Culhane,* with whom, on the brief, was *John Keogh,* for the appellee (plaintiff).

BROWN, J.   The plaintiff's cause of action, as submitted to the jury for determination, is one to recover salary accrued pursuant to his express agreement with the defendant, and also compensation for managerial or other services rendered, upon quantum meruit.   In August, 1941, the defendant was incorporated for the purpose of developing and dealing in real estate, with Edward C. Sterling, Harold A. Karlsen and the plaintiff as the incorporators.   On August 14, 1941, they were chosen directors and elected Karlsen president, Sterling treasurer, and the plaintiff secretary.   These facts are admitted.

The complaint in substance makes these further allegations: The plaintiff prior to August 7, 1941, had been engaged in the real estate and insurance business in Norwalk; shortly after that date the management of the defendant corporation was turned over to him by agreement of the officers and directors; for the ensuing period of about nineteen months he devoted almost his full time thereto; the officers and directors, acting for the defendant, agreed that he was to be reasonably recompensed; subsequently the directors voted him a salary of $100 per month, but with the understanding that he was to receive as compensation reasonable amounts in addition to this salary; a total of $1825 as salary is due and unpaid; and, in addition to salary and commissions on the defendant's real estate sold,

there is due to the plaintiff $3220 plus interest for services performed by him in the management of the defendant corporation. The plaintiff offered evidence to prove and claimed to have proved these allegations, which are denied by the defendant's answer.

Of the four special defenses contained in the answer, the first only, alleging $650 due to the defendant from the plaintiff as the unpaid balance on his ten shares of stock, is admitted. The second alleged that the directors passed a vote which fixed the officers' salaries, that of the plaintiff being put at $100 per month, and prescribed that they were not to be paid until all other outstanding and unpaid indebtedness of the corporation had been met or provided for, and also a vote that the salaries then accrued, including that of the plaintiff in the amount of $450, should be evidenced by notes payable according to this vote and bearing interest at 3 per cent per annum; and the pleading went on to state that the plaintiff, unknown to the defendant, falsely and in violation of his duty wrote the minutes of the meeting and prepared the notes without mention of the condition. The third set forth that the plaintiff, in violation of his duty to the defendant under his agreement to act as exclusive broker to sell its real estate and with intent to profit at its expense, informed other brokers of a rate of commission which would be allowed them for selling property of the defendant in cooperation with the plaintiff, this rate being lower than that voted by the directors, and thereby decreased the defendant's sales, to its damage. The fourth alleged various respects in which the plaintiff had failed to fulfill his duties and had violated his trust, to the defendant's damage. These special defenses were made counts respectively of the cross-complaint of the defendant, in which it claimed reformation of the minutes and notes referred to in the

second special defense and $10,000 damages. The jury rendered a verdict of $2004.33 for the plaintiff and the defendant has appealed from the judgment.

Error is assigned in the court's refusal to charge and in the charge as given relative to the plaintiff's testimony concerning the value of his services. The defendant requested an instruction that the plaintiff's own testimony was the only evidence of the value of his services, and that, since the plaintiff was not qualified to give such testimony, this afforded no basis upon which to compute the reasonable value of the services, and the verdict must be for the defendant. The court told the jury that the plaintiff had testified that his services were worth $3220 and were comparable to those rendered by an estate trustee, who is usually allowed 2 per cent of the gross estate in his hands, but the court stated: "You are not bound by this estimate of value of his services. You should follow it only in so far as it seems reasonable to you." And the court added that the defendant's claim was that the services were worthless. It then continued: "And within those limits, that is, from nothing up to $3220, it is open to you to place whatever value on the services you believe to be the true value as it has been proved to you what the true value is."

The defendant claims that the court erred, first, in refusing its requests, because the plaintiff's testimony was insufficient as a matter of law to establish the value of his services, and second, in the charge as given, because it failed to afford instructions adequate to a proper appraisal of the value of the services by the jury and, more particularly, permitted them to fix the amount, as stated in the words quoted above. If we assume that the defendant was entitled to a charge, in response to its request, that the jury disregard evidence that had been offered and admitted, the general rule

is that the charge is to be tested by the claims of proof in the finding. *Riley* v. *Connecticut Co.,* 129 Conn. 554, 557, 29 Atl. (2d) 759; see *Munson* v. *Atwood,* 108 Conn. 285, 290, 142 Atl. 737. Here, where the sufficiency of the plaintiff's qualification to give testimony is in question, the fact that nothing indicating any lack of such qualification is included in the finding is sufficient to dispose of the first claim. See *Aubrey* v. *Meriden,* 121 Conn. 361, 368, 185 Atl. 87. The second merits no consideration, since the defendant failed to object at the conclusion of the charge as required by the rule. Practice Book, § 156.

The defendant further claims that the court erred in instructing the jury to "ignore" the third special defense because, the defendant "not having proved any damage [under it], there is, of course, nothing on that count which it could ask you to set off against the plaintiff's claim, so that for practical purposes you can lay the third special defense out of your minds altogether." The defendant concedes that there was no evidence of damage under it. The defendant's contention is unwarranted if its claim is, as the memorandum of decision upon the motion to set the verdict aside indicates the trial court understood, that the defendant was prejudiced because the fact that the plaintiff had been given the exclusive broker's contract had a bearing on the question whether the services for which he was suing in quantum meruit were rendered under such circumstances that a contract to pay for them would be implied, and the instructions quoted in effect directed the jury to disregard the brokerage contract as having any bearing on the plaintiff's right to recover upon an implied agreement for managerial services. Other statements in the charge leave no possible doubt that it was the special defense of set-off as such, and not facts

mentioned in it, that the jury were told to ignore. Not only did the court carefully explain the particular nature of such a defense but, in discussing the issue of quantum meruit under the complaint, it instructed the jury to "pass upon the evidence as a whole" and to take "all of the circumstances" into consideration. It then specifically referred to the claimed fact that the plaintiff "also was anticipating getting a considerable amount in brokerage fees out of the enterprise" as being one of these circumstances. If the defendant's claim is, as its brief now indicates, that the charge of the trial court removed from the consideration of the jury the improper conduct of the plaintiff alleged in this defense as relevant to the issue of the value of the plaintiff's services, it is sufficient to point out that the objection at the end of the charge did not fairly apprise the trial court that the defendant was claiming error in it on this ground. Practice Book, § 156. The defendant takes nothing under its assignments of error addressed to the charge.

Only one of the rulings on evidence assigned as error requires mention. In support of his contention that there was either an express or implied agreement by the defendant to compensate him over and above his salary as secretary, the plaintiff testified to the nature and extent of the work he did during 1941 in connection with the defendant's business, that his office was used to carry this on, that the president and treasurer of the defendant were conversant with and acquiesced in the course he followed, and that subsequently, at the annual stockholders' meeting on January 13, 1942, it was "voted, that the acts of the officers during the fiscal year 1941 be approved." He was then asked whether prior to this meeting he had an agreement with the officers "as to the rent of the office, some portion of the rent which the corporation was going to

pay." The defendant objected to the question on the ground that such an agreement could not "be proved by extraneous conversations with other persons where there is nothing whatever to indicate that they were actually acting in their corporate capacity." The question was admitted and the plaintiff answered in the affirmative. The court's ruling was clearly correct because the conduct in question, was obviously within the general authority of the officers concerned, and also because of the ratification effected by the stockholders' vote. While the defendant seeks to present to us a much broader claim as to the inadmissibility of evidence of transactions of the plaintiff with the other officers and directors of the corporation, the finding is sufficient only to present to us the ruling we have discussed.

The jury's answers to the two interrogatories submitted establish that their verdict was for the plaintiff's "services in the management of the corporation other than as secretary," and that it included no "sum of money for salary [as secretary]." Their verdict, however, found "the issues for the plaintiff upon the complaint and cross-complaint." The judgment recites that the answers and finding just quoted were accepted by the court. The defendant contends that, since under the complaint the plaintiff claimed to recover both for salary and for management services, while it is claimed under its cross-complaint that no salary was due the plaintiff, the jury's special finding and their determination of the issues above recited are so contradictory as to render the judgment erroneous, entitling the defendant to a new trial. Not only does the record fail to show that the defendant made any claim to the trial court in this connection, but further there is no specific assignment of error addressed to the

judgment upon this appeal. We, therefore, do not consider this contention. Practice Book, § 363.

The court did not err in failing to include in the finding certain paragraphs claimed by the defendant. The purpose of the finding here is to present a basis for considering the claimed errors in the charge, and no such claims are made to which the corrections sought would be relevant. The assignment of error concerning the court's inclusion of certain paragraphs in the finding imposes no obligation on this court, as it is presented in the brief only by a general claim. *Linahan* v. *Linahan,* 131 Conn. 307, 311; 39 Atl. (2d) 895.

There is no error.

In this opinion the other judges concurred.