ODIS SYMS ET AL. *v.* WESTON C. HARMON

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

654

Argued May 7—decided June 3, 1948

*Thomas J. Hagarty,* with whom, on the brief, was *Robert L. Halloran,* for the appellant (plaintiff American Coal Co.).

*Cyril Coleman,* for the appellee (defendant).

*Irving H. Rosenthal* appeared for the appellant (named plaintiff).

JENNINGS, J. The defendant had a verdict in an action for damages resulting from personal injuries claimed to have been suffered by Syms as a result of the negligence of the defendant. The plaintiffs appeal from the denial of their motion to set aside the verdict and from the judgment. The appeal from the denial of the motion to set aside the verdict is not pursued in the brief otherwise than as the motion was based on claimed errors in the charge. The appeal will therefore be discussed solely upon the basis of these claims.

There was no serious dispute about the basic facts. Syms, hereinafter called the plaintiff, worked as a

helper on a coal truck. The truck was double parked, facing west on Farmington Avenue in Hartford on a cold December afternoon. Traffic was heavy. The plaintiff was engaged in wheeling coal from the rear of the truck to the curb and across the sidewalk to an adjoining building. At the time he was hurt he was standing between the handles of his wheelbarrow, which was underneath the chute in the middle of the back of the truck. Both he and the wheelbarrow faced north. The handles of the wheelbarrow projected beyond the south or left side of the truck.

The defendant was driving slowly west on Farmington Avenue. The front of his car passed the plaintiff, but the right rear fender came in contact with either the plaintiff or the handles of the wheelbarrow. The plaintiff claimed to have proven that he was pushed against the truck and injured.

The brief of the plaintiff is long and the assignments of error are numerous. There are, however, only two legal principles involved. The most important feature of the case turns on the failure of the court to charge on the last clear chance doctrine. The plaintiff excepted orally to the charge on that ground but filed no written requests. Until 1942, the regulation of written requests to charge was in general terms. Practice Book § 156. In that year § 156A was adopted as follows: "Requests Required in Certain Cases. Any party intending to claim the benefit of the last clear chance doctrine, supervening negligence, superseding cause, intervening cause, assumption of risk or any specific statute shall file a request to charge on the legal principle involved." This was amended the next year to read "shall file a written request to charge" and was otherwise re-enacted as a part of § 156 as amended.

The amended rule allowed oral exceptions in all cases except those enumerated in the 1942 amendment, then called § 156A. The purpose of these requirements is apparent. The principles named are important, and an opportunity should be afforded the trial court to place them in their proper relation to the rest of the charge if it is to be intelligible to the jury. If a charge on them is omitted and the omission is first called to the court's attention after the charge has been delivered, it would in many cases be very difficult to add a charge on them in such a way as to help the jury. The rule is reasonable and this portion is mandatory. As no written request to charge on the last clear chance doctrine was filed, the plaintiff's assignment of error on this ground fails.

The assignment is invalid for another reason. "The trial court may restrict its charge to claims actually made on the trial rather than regard those which might have been made." Conn. App. Proc., § 57 (b). The finding does not include any claim of the last clear chance, and the trial court stated in its memorandum of decision on the motion to set the verdict aside that it was not argued to the jury. In order to incorporate this feature in the finding, the plaintiff was bound to show not only that evidence was offered which might support the claim but that it was actually made. This would require, in this case, a rectification of the appeal. Conn. App. Proc., p. 126, note 18.

The second general claim of the plaintiff relates to the charge on the effect on his general credibility of his alleged inconsistent statements and attitude in a claim which he had previously made for workmen's compensation against his employer. His specific claim is that the court improperly charged, in effect,

that his failure to claim total incapacity before the compensation commissioner was inconsistent with his claim of total incapacity at the trial. While the court's several references to this subject are more or less disconnected and disjointed, the gist of them, considered in the aggregate, goes no further than to define the effect of contradictory statements or admissions, if any were made by the plaintiff. The record discloses that the plaintiff's claims of proof, by which the charge is tested, as stated above, were that, while he received a permanent injury by being struck by the defendant's car, his earning capacity had not been diminished after he resumed work. This is far from a claim that total permanent incapacity had resulted. There was therefore no necessity for comment by the trial court. However, the instruction complained of, even if unnecessary, could not have harmed the plaintiff.

Attention is called to the sentence of § 156 which reads: "Oral objections shall state distinctly the matter objected to and the ground of the objection." They should fairly apprise the trial court of the error claimed. *Soderstrom* v. *Country Homes of Norwalk, Inc.*, 132 Conn. 381, 386, 44 A. 2d 698. They are not as formal as written ones, but it must have been difficult for the trial court to understand what the attorneys wanted in this case. Few of the objections comply with the rule. It is clear and, if observed, its purpose will be accomplished.

There is no error.

In this opinion the other judges concurred.