FRANK ALBRECHT *v.* MORRIS RUBINSTEIN

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 8—decided December 2, 1948

*Abraham R. Friedman,* with whom, on the brief, was *Samuel H. Friedman,* for the appellant (plaintiff).

*Robert E. Courtney, Jr.,* with whom, on the brief, were *Edward I. Taylor* and *William H. Tribou,* for the appellee (defendant).

JENNINGS, J. The plaintiff claimed to have been poisoned by food purchased from the defendant in the latter's restaurant. He brought suit on three counts, the first on express contract, the second on implied contract and the third on negligence. The trial court directed a verdict for the defendant on the first two counts and the jury found for the defendant on the third count. The plaintiff appealed from the denial of his motion to set aside the verdict and from the judgment.

The jury reasonably could have found the following facts: The plaintiff is a police officer of the city of Hartford. On June 14, 1947, about 11 a.m., he was off duty and entered the defendant's restaurant to get something to eat. He asked the defendant what he had for a good sandwich and the defendant said, "How would you like a good fresh corned beef sandwich?" The plaintiff said "Good," and was served with a sandwich and coffee which he consumed on the premises. When he arrived home about noon he found that his six-year-old daughter had not finished her lunch of frankfurters and beans, so he ate what was left. Shortly thereafter he started to take down the curtains in his house. While so engaged he suffered an attack of vomiting, diarrhea and stomach pains. He was taken to the Hartford Hospital with an admission diagnosis of acute appendicitis. Later his illness was diagnosed as food poisoning.

There was no evidence of negligence. The verdict for the defendant on the third count cannot be disturbed. The plaintiff admits that if the law as laid down in *Merrill* v. *Hodson,* 88 Conn. 314, 91 A. 533, and *Lynch* v. *Hotel Bond Co.,* 117 Conn. 128, 167 A. 99, is still valid the direction of the verdict on the second count was correct, but he urges that we re-examine the question and adopt the so-called Massachusetts and New York rule, discussed at length in *Cushing* v. *Rodman,* 82 F. 2d 864; note, 104 A. L. R. 1033; and see 4 Williston, Contracts (Rev. Ed.) § 996A. The doctrine was thoroughly re-examined in the *Lynch* case (1933) and we are not disposed to overrule that case at this time. At the 1937 session of the General Assembly a bill was offered which provided that any establishment serving food or drink for consumption on the premises should be held to warrant that they were fit and wholesome. House Bill No. 19. The bill was unfavorably reported and rejected. This action plainly indicated an unwillingness on the part of the General Assembly to alter the construction placed on the act in the *Lynch* case. *Tileston* v. *Ullman,* 129 Conn. 84, 87, 26 A. 2d 582. The passage of the Sales and Use Tax Act does not affect this conclusion. This was a taxation statute and the definition of the word "sale" as including the furnishing of food is limited to its use in the act. General Statutes, Sup. 1947, § 329i (3) (e).

The *Merrill* and *Lynch* cases, supra, deal with implied rather than express warranties. An express warranty which is a part of a contract of sale assumes the existence of a contract of sale. *Fairbank Canning Co.* v. *Metzger,* 118 N. Y. 260, 265, 23 N. E. 372; 46 Am. Jur. 483. The cases cited establish that in Connecticut the service of food in a restaurant for immediate consumption on the premises does not constitute a sale.

It does not follow that there can be no express warranty in such a situation. An express warranty has been defined as "a positive representation of fact which induces a bargain." 5 Williston, Contracts (Rev. Ed.) § 1505. *Lynch* v. *Hotel Bond Co.,* supra, 131, defines the transaction between the customer and restaurateur to be the furnishing of service by the latter to the former. Parties can contract as they will and if the defendant had expressly warranted that he would serve the plaintiff food fit for human consumption and he failed to do so he might have been held liable for breach of warranty. The warranty claimed by the plaintiff, however, is not of this character. The evidence in its most favorable aspect does not go beyond a representation on the part of the defendant that he would serve the plaintiff a "good" sandwich. "Good" is a word having many meanings. 28 C. J. 713; 38 C. J. S. 936. In such a situation as the one before us it often signifies no more than agreeable to the taste, as in the phrase "a good dinner"; Webster's New International Dictionary (2d Ed.). As used by the parties here, the word was too indefinite and uncertain in meaning to be the basis of a warranty. It is not without significance that no case has been cited or found which holds that the use of the word in connection with the serving of food for immediate human consumption constitutes an express warranty. See *Barrett & Co.* v. *Hall & Co.,* 1 Aikens (Vt.) 269, 272; *Hogins* v. *Plympton,* 28 Mass. 97, 99. The direction of the verdict on the first count was also correct.

The assignments of error in the appeal from the judgment are ineffective for various reasons. The attacks on the charge cannot avail the plaintiff since no written requests to charge were filed and no specific oral exceptions taken at its close. Practice Book § 156. The plaintiff takes nothing by his general exception to

the entire charge. *Lebas* v. *Patriotic Assurance Co.,* 106 Conn. 119, 122, 137 A. 241; *Ladd* v. *Burdge,* 132 Conn. 296, 297, 43 A. 2d 752; *Syms* v. *Harmon,* 134 Conn. 653, 657, 60 A. 2d 166. The assignments requesting corrections of the finding could be used in this case only to present claimed errors in the charge. Since there are none that can be considered, these assignments serve no purpose. One assignment alleges error "in disregarding the demurrer to the complaint overruled." The judge who tried the case was not bound by the previous ruling on the demurrer. *Santoro* v. *Kleinberger,* 115 Conn. 631, 638, 163 A. 107.

The finding shows that after the completion of the arguments, on the defendant's motion for a directed verdict on all three counts, the court suggested that the plaintiff could either withdraw the second count or subject himself to a defendant's verdict on it. Thereafter, before delivering the charge on the following morning, the court in chambers advised both counsel that after making another study of the law involved he intended to direct a verdict for the defendant on the first and second counts. The plaintiff assigns this action of the trial court as error on the ground that it resulted in prejudice to him in his earlier argument as to the third count. The finding does not show that the plaintiff made any request for further argument after the ruling complained of, nor does it appear on the record how this action could have prejudiced him.

There is no error.

In this opinion MALTBIE, C. J., BROWN and DICKENSON, Js., concurred; ELLS, J., dissented.