GILBERT LOWELL ET AL. *v.* THOMAS E. DALY ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and BORDON, Js.

Argued March 10—decided April 11, 1961

*Armand A. Korzenik,* with whom was *Charles N. Segal,* for the appellants (plaintiffs).

*William P. Aspell,* with whom was *Stephen M. Riley,* for the appellees (defendants).

KING, J.   The plaintiff Yvonne Lowell was the owner and operator of a motor vehicle in which the minor plaintiffs, Denise Lowell and Yvonne Rose Lowell, who bring this action by their father and next friend, Gilbert Lowell, were passengers. Gilbert also sues, as an individual plaintiff, to recover expenditures made by him as the husband of Yvonne and father of Denise and Yvonne Rose. The plaintiffs' car was struck in the rear by a car owned by the defendant Francis E. Daly and operated as a family car by the defendant Thomas E. Daly.   Both cars were traveling southerly along Garden Street in Hartford, and the collision took place while the plaintiffs' car was stopped at a stop sign at the intersection with Charlotte Street.

The plaintiffs complain of the court's refusal to

permit one of some eighteen questions to be asked on the voir dire. Most of the other questions were allowed, including a question as to whether any venireman, or any member of his family, held office or owned stock in any insurance company. See *Girard* v. *Grosvenordale Co.*, 82 Conn. 271, 279, 73 A. 747; note, 4 A.L.R.2d 761, 792. The question excluded was as follows: "Would you feel that you have any financial interest in this lawsuit, or might in any way be affected by awarding damages to the Plaintiffs?" A series of articles in "The Hartford Courant," a daily newspaper published and having a circulation in Hartford County, had appeared during the period of service of the array of veniremen from which the jurors in this case were selected. The general effect of these articles, according to the plaintiffs, was to point out that the high plaintiffs' verdicts currently being rendered were the cause of a rise in the premium cost of motor vehicle personal injury and property damage liability insurance. The plaintiffs' question as framed was vague and ambiguous. There was no attempt to ask any venireman whether in fact he had read any newspaper article which would influence or affect his deliberations if he was chosen as a juror in the case. Thus, there was nothing to explain how a venireman who had been asked the usual questions as to relationship to, or connection with, the parties could have, or feel that he had, any financial interest to be affected by the outcome of the lawsuit. The veniremen had stated on voir dire that if they were chosen as jurors they could give a fair and proper verdict on the evidence and the charge. In amplification, the plaintiffs further complain of the refusal of the court to permit them to elicit, from a deputy sheriff, a report of a conversa-

tion which he had with plaintiffs' counsel concerning what a venireman had said about other veniremen's having read the newspaper articles. Obviously, this question called for a hearsay answer and was correctly excluded. If the plaintiffs wished to ascertain or prove which, if any, veniremen had read the articles in question, or any of them, a proper course to pursue would have been to inquire on the voir dire. *State* v. *Wilson,* 38 Conn. 126, 137; see *State* v. *Carta,* 90 Conn. 79, 80, 96 A. 411. As already pointed out, no effort so to do was made. Nor does it appear in the record that any juror had in fact read any of the articles. There was no error in these rulings.

The plaintiffs claim error in the court's charge as to the so-called "following too closely" statute, General Statutes § 14-240. They had filed a request to charge which in effect merely quoted the statute and stated that its violation would constitute negligence per se and that such negligence, if it was a proximate cause of the collision, would render the defendants liable. The charge requested was in substance given.

The court in effect charged that if the plaintiffs' car was stopped at the stop sign when the defendant operator first saw it, or in the exercise of reasonable care should have seen it, then the statute did not apply. At the close of the charge, the plaintiffs excepted to this restriction on the applicability of the statute. Under the second paragraph of § 153 of the Practice Book, "[a]ny party intending to claim the benefit of . . . any specific statute shall file a written request to charge on the legal principle involved." The phrase "on the legal principle involved" requires more than a mere reference to, or quotation of, the statute

coupled with a statement that its violation by a defendant in a situation governed by it would constitute negligence per se. What is required is a request to charge "on the legal principle involved." This calls for a request explaining the meaning and interpretation of the statute in the light of the claims of proof in the case. See *Ziskin* v. *Confietto,* 137 Conn. 629, 633, 79 A.2d 816. "The purpose of . . . [the] requirements [of § 153] is apparent. The principles named [in the rule] are important, and an opportunity should be afforded the trial court to place them [in its charge] in their proper relation to the rest of the charge if it is to be intelligible to the jury." *Syms* v. *Harmon,* 134 Conn. 653, 656, 60 A.2d 166. It is for this reason that the rule contemplates a request to charge, which must be given to the trial court before the commencement of arguments, rather than a mere exception to the charge, which is taken after the charge has been delivered. *Antz* v. *Coppolo,* 137 Conn. 69, 72, 75 A.2d 36.

The instant case did not involve a situation where the trial court unexpectedly charged on an inapplicable statute, as in cases such as *Angelino* v. *Hersey,* 147 Conn. 638, 640, 165 A.2d 152. Even in that case, as pointed out in the opinion, had counsel complied with the provisions of § 153, the error necessitating a new trial might perhaps have been avoided. The plaintiffs here should have furnished the trial court with a request to charge which properly set forth the "legal principle involved," with supporting citations. *State* v. *McNamara,* 128 Conn. 273, 275, 22 A.2d 10; *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 20, 118 A.2d 798. Such a request would have been received before arguments and would have given the court an opportunity to consider the subject matter of the request and to

incorporate it in the charge. The plaintiffs, instead, filed a request which merely informed the court that they were making a claim of some sort under the statute. After the charge was over, they took an exception, raising a rather technical claim as to the proper interpretation of the statute under the claims of proof of the parties. The point should have been incorporated in a proper request to charge, as required by § 153 of the rules. Compliance with this portion of § 153 was especially important in this case because of the complexity of the plaintiffs' claim as to the proper construction of the statute. The exception to the charge was not an adequate compliance with either the letter or the spirit of § 153, and we therefore do not determine whether the exception was well taken, although we incline to the view that the charge, under the claims of proof in this particular case, was not erroneous. *Antz* v. *Coppolo,* supra.

Quite apart from the technical requirements of § 153 or any other rule, it is sound practice to submit requests to charge, with supporting citations, covering unusual or difficult legal points as early in a trial as is reasonably possible, so as to accord the court a fair opportunity for study and consideration of the questions involved. Although attorneys have the opportunity to prepare a case over a considerable period of time in advance of trial, the court does not ordinarily have a chance even to see the pleadings until the commencement of the trial. A principal purpose of § 153, as of many other procedural rules, is to obviate error and thereby avoid the necessity for retrials, with the attendant expense to litigants and the public. See cases such as *Towhill* v. *Kane,* 147 Conn. 191, 193, 158 A.2d 251.

Another assignment of error relates to the ex-

clusion of a question asked of a physicist whom the plaintiffs qualified as an expert witness in his field. The defendant operator, who the plaintiffs themselves claim was the only eyewitness to the collision, testified that, seeing the plaintiffs' vehicle, over 300 feet ahead, stopped at the stop sign, he slowed his car to various speeds as he approached the plaintiffs' car. He did not give the specific distances he traveled at any of these speeds, nor mention any points from which the distances could be computed. The plaintiffs asked the expert whether, if a car traveling at twenty-five miles per hour travels a distance of 350 feet, he could tell the time it would take to travel that distance. The witness answered in the affirmative. He was then asked what that time would be. The defendants objected on the ground that there was no evidence that any particular distance had been traveled at the speed of twenty-five miles an hour. The objection was properly sustained. In the absence of any evidence that the defendant operator traveled 350 feet, or about that distance, at or about twenty-five miles an hour, it does not appear that there was any ground for admitting the question or that an answer to it, had it been permitted, would have done other than confuse the jury. *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 666, 136 A.2d 918; *Sears* v. *Curtis,* 147 Conn. 311, 314, 160 A.2d 742.

The plaintiffs assign error in the refusal of the court to set aside the verdict as against the evidence. There was evidence that the highways traversed by the defendant operator up to the scene of the collision had been clear except for patches of snow and that he was operating his car with reasonable care, but that there was glare ice in the immediate vicinity of the collision and that his car

skidded on this ice. Especially in view of the evidence as to skidding, the jury might have failed to find that the plaintiffs had proved actionable negligence, since evidence of skidding is not, in and of itself, evidence of negligence. See cases such as *Nichols* v. *Nichols,* 126 Conn. 614, 619, 13 A.2d 591, and *Grantham* v. *Bulik,* 137 Conn. 640, 641, 80 A.2d 515. This alone could account for the defendants' verdict. There was no error in the refusal to set aside the verdict. *Martino* v. *Palladino,* 143 Conn. 547, 548, 123 A.2d 872; *Kerrigan* v. *Detroit Steel Corporation,* 146 Conn. 658, 659, 154 A.2d 517.

The remaining assignments of error do not require discussion.

There is no error.

In this opinion the other judges concurred.