JOHN WORDEN *v.* JOSEPH FRANCIS

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

460

Argued April 6—decided June 13, 1961

*Andrew D. Dawson,* with whom was *Michael J. Daly III,* for the appellant (defendant).

*Stephen A. Homick,* with whom was *George H. Lynch,* for the appellee (plaintiff).

MURPHY, J. The plaintiff, then a thirteen-year-old boy, sustained severe and permanent injuries on August 17, 1952, while playing on or about a road grader, owned by the defendant, which was parked near the home of the plaintiff's father, a tenant of

the defendant. In 1959, a jury returned a verdict for the plaintiff to recover a substantial amount of damages from the defendant, and the trial court refused to set it aside. The defendant, in his appeal, assigns as error the failure of the court to charge in accordance with many of his requests to charge, in charging as it did in numerous instances, and in denying the defendant's motion to set aside the verdict. The assignments of error seeking corrections in the finding and claiming error in rulings on evidence have been abandoned.

At the conclusion of the charge, the defendant purported to take exception to certain portions of it. In his brief, he asserts that exception was taken to the portion of the charge in which the court stated that the plaintiff was a tenant of the defendant and, as a tenant, had a right to use the area in which he was injured. An examination of the exceptions stated in the record fails, however, to confirm this assertion. Apart from one instance, the exceptions which the defendant attempted to take were ambiguous and confusing and failed entirely to comply with the rule which requires that exceptions shall distinctly state the matter objected to and the grounds of the objection. Practice Book § 153. They could not have fairly apprised the trial court of the error claimed. *Salvatore* v. *Hayden*, 144 Conn. 437, 441, 133 A.2d 622; *Syms* v. *Harmon*, 134 Conn. 653, 657, 60 A.2d 166; *Soderstrom* v. *Country Homes of Norwalk, Inc.*, 132 Conn. 381, 386, 44 A.2d 698. The colloquy between court and counsel confirms the fact that the court was unable to understand their import. Error cannot be predicated on these ambiguous exceptions.

On August 17, 1952, the defendant was the owner of property at Hitchcock Lake in Wolcott. A por-

tion of it was known as Iceland, and the defendant's lessee conducted a restaurant there and a swimming and resort area open to the public. Another portion of the defendant's property was occupied by several cottages, one of which was rented by the defendant to the father of the plaintiff. Adjacent to the cottages was an open area owned and controlled by the defendant. It was used as a playground by the children who lived on the defendant's property as well as by other youngsters and also served as a passway from the public highway to the Iceland area. Two or three weeks prior to August 17, 1952, the defendant had brought an old used road grader which he owned to the Iceland area and personally operated it to grade and level some of the land. During the course of this operation, the grader broke down and the defendant left it in the open area. On August 17, the plaintiff and three companions were playing on the grader when one of the group stepped on the crank handle, causing the motor to start, the grader to move forward and the plaintiff to be severely injured. The grader was equipped with a magneto ignition system which generated electric current to start the engine when the crank was manually turned. There was no ignition switch for use in starting or stopping the motor.

Aside from the foregoing facts, those claimed by the parties were conflicting. The plaintiff claimed to have proved these facts: The defendant had actual knowledge that children played on the grader and had been warned that they might sustain injury while so doing. The absence of an ignition switch permitted the starting of the engine, yet such starting could have been prevented by removal of the rotor in the distributor. The handle on the crank

could have been removed easily by unscrewing the nut holding it in place, and doing that would have prevented the engine from being cranked. The defendant had left the grader parked in gear, so that it moved forward when started, and he had not drained the gasoline from the tank on the grader when he left it unattended and without warning signs.

The defendant offered evidence to prove, and claimed to have proved, the following: He had warned the plaintiff not to touch or play on the grader. The plaintiff was a trespasser when he got on the grader. The grader was out of gasoline. It was not dangerous in the condition in which the defendant had left it. It could not be started by just stepping on the crank. A series of complicated maneuvers were necessary to start it; the plaintiff had directed one of his companions to step on the crank, and he did so.

To the complaint, in which the plaintiff alleged negligence by the defendant, the latter filed special defenses of contributory negligence and assumption of risk.

Included in the requests to charge the jury which the defendant submitted in writing to the court, in accordance with the provisions of Practice Book § 153, were requests that the jury be charged on two statutes which the defendant claimed were material to a proper determination of the case. Also requested were charges on the application of the reasonable foreseeability of harm principle to the determination whether the defendant was negligent; on concurrent negligence; and on the assumption of risk.

Tampering with or setting in motion the engine of a motor vehicle without the permission of the

owner was, in 1952, and still is, a criminal offense. General Statutes § 14-145. One who assists and counsels another in the commission of a crime is subject to punishment as an accessory. General Statutes § 54-196. Ordinarily, one who is guilty of a violation of a statute is held to be negligent as a matter of law, and if the violation is a substantial factor in causing his injuries, recovery for them is barred. *Essam* v. *New York, N.H. & H.R. Co.,* 140 Conn. 319, 325, 99 A.2d 138. However, where the violator is a minor under the age of sixteen years, as was the plaintiff, the issue of the violator's exercise of due care becomes, under General Statutes § 52-217, a question of fact for the trier. Consequently, appropriate instructions to the jury by the court on both of these statutes may be required, together with a proper explanation of their relevance to each other and their application to the particular claims in the individual case. The failure here of the court, upon request, to charge on these statutes, which were relevant to the issues in this case, constitutes reversible error. Practice Book § 153.

A proper exception was taken by the defendant to the portion of the charge in which the court stated that the grader was in a place designed as a play area for the children of the tenants. The finding discloses that this area was used by the children for play, but there is nothing in the finding to warrant the assertion that it was designed for that purpose. An incorrect statement of a material and important fact which is apt to mislead the jury constitutes error, although a trial court is given much latitude in discussing the evidence in the charge. *Schiavo* v. *Cozzolino,* 134 Conn. 388, 391, 57 A.2d 723.

As it will be necessary to send this case back for a new trial, it is advisable to make reference to the requests to charge on foreseeability of harm, concurrent negligence and assumption of risk. In cases of this general nature, we have consistently held that the test in determining the negligence of a defendant is whether the ordinary man in the position of the defendant, knowing what he knew or should have known, would reasonably anticipate that harm of the general nature of that suffered by the plaintiff was likely to result. *Orlo* v. *Connecticut Co.,* 128 Conn. 231, 237, 21 A.2d 402; *Noebel* v. *Housing Authority,* 146 Conn. 197, 200, 148 A.2d 766; *Attardo* v. *Ambriscoe,* 147 Conn. 708, 712, 166 A.2d 458; *Greene* v. *DiFazio,* 148 Conn. 419, 423, 171 A.2d 411. Such instruction was lacking here. While the charge covered the questions of negligence and contributory negligence, it made no mention of the result where both the plaintiff and the defendant are negligent and the concurrent negligence of each is a proximate cause of the accident. The court should have complied with the request on this point. *Radwick* v. *Goldstein,* 90 Conn. 701, 709, 98 A. 583; *Sullivan* v. *Krivitsky,* 100 Conn. 508, 512, 123 A. 847. The court charged on assumption of risk but did not, as it should, tell the jury that the test is the comprehension of the risk, which involves not only knowledge of a danger but an appreciation of the character and extent of it, thus furnishing the actor with an adequate basis for voluntary decision as to assumption of the risk. *Dean* v. *Hershowitz,* 119 Conn. 398, 413, 177 A. 262; *Greene* v. *DiFazio,* supra, 425.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.