MAUREEN E. KELLEHER ET AL. *v.* WALTER J. SMITH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 9-671-3894

Argued January 20—decided April 4, 1969

*Charles A. Sherwood,* of New Haven, for the appellants (plaintiffs).

*Arthur C. Schubert,* of Trumbull, for the appellee (defendant).

KOSICKI, J. The plaintiffs offered evidence to prove and claimed to have proved the following facts. The plaintiff Mary E. Kelleher was the owner of an automobile which was being operated on June 19, 1966, by Maureen E. Kelleher, the minor plaintiff, who brings this action by her father and next

friend, Russell Kelleher. The car was being operated as a family car and, while traveling in an easterly direction on the Boston Post Road, also known as route 1, in the town of Madison, was struck by the defendant's car along the right front side when Maureen began executing a right turn into a private driveway. Maureen put on the right-hand signal light, indicating a right-hand turn, before executing the turn. At this time and place the defendant was operating his own automobile on route 1 in an easterly direction and was following the car in which the plaintiffs were riding.

Route 1, at this point, is a two-lane concrete highway with opposing lanes of traffic running in an easterly and westerly direction. Each concrete lane is ten feet four inches in width; the unpaved shoulder of the south or eastbound lane was seven feet in width.

It is the plaintiffs' claim that their right-hand signal light was switched on, indicating an intention to make the right-hand turn, before executing it. Maureen was preparing to enter a private driveway and turn the car around in order to proceed westerly on route 1. She looked in her rearview mirror, saw nothing coming, slowed down and began to turn right. She then heard the screeching of brakes, and the defendant's car collided with the right side of the plaintiffs' automobile.

In his special defense the defendant, inter alia, offered evidence and claimed to have proved that the plaintiffs violated the following sections of the General Statutes: § 14-101 by failing to equip the motor vehicle with a turn signal or signaling device, or to cause such signal or device to be maintained, at all times, in good and sufficient working order, or to use it when making any turn; §§ 14-242 and 14-244 by turning the vehicle to enter a private driveway

without giving a proper signal as required by these statutes; § 14-241 by failing to make the approach for a right-hand turn as closely as practicable to the right-hand curb or edge of the highway; and § 14-236 by failing to operate the vehicle as nearly as practicable within a single lane and by moving the vehicle from such a lane when the movement could not be made with safety. The defendant further offered to prove and claimed to have proved that although he saw a left-turn signal followed by a move of the plaintiffs' car to the left and it did move to the left of the highway, straddling the center of it for about fifteen feet, the plaintiffs offered no warning of a right turn until their car turned to enter the driveway and the collision, described as a side swipe, occurred. There was no damage to the rear portion of the plaintiffs' car.

The foregoing review of the facts claimed by the parties as proved is deemed necessary for a correct understanding of the ruling of the court on a question of law, arising from its instructions to the jury, which is the only issue presented on this appeal. The court's charge was lengthy and detailed. There were no written requests to charge filed by either party, although, after the jury had retired for deliberation on the verdict, the defendant objected orally that the court had omitted to charge on the provisions of § 14-242 of the General Statutes, particularly as it pertains to restriction on turns to right and left while traveling on a highway and to the preparatory signals to be given. § 14-242 (a), (b). The plaintiffs objected to recalling the jury in order to correct the court's earlier instruction, but the court recalled the jury and instructed them as follows: "Ladies and gentlemen, while instructing you on the law in the case, through inadvertence the court omitted to give you a charge which is part of the general charge the court usually gives in a motor

vehicle case, and it has application to section 14-242, and I will just read to you the pertinent part that I think you should have with you in your deliberation. It reads: 'No person shall so turn any vehicle without giving an appropriate signal in the manner provided in section 14-244 . . . . A signal of intention to turn right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning.' " The plaintiffs duly excepted to this portion of the charge. Parenthetically, it may be noted that in its main charge the court, in the absence of any written request, instructed the jury substantially as quoted above on the common and statutory law involved, without objection or exception having been expressed by the plaintiffs' counsel.

After the jury had returned a general verdict for the defendant and it was accepted and ordered recorded, the plaintiffs moved to set the verdict aside. The motion was denied and judgment was rendered for the defendant, from which judgment the present appeal was taken. It is claimed that the court erred in overruling the motion, because the recalling of the jury for further instruction was a plain violation of the applicable portions of §§ 248, 249, 250, 251 and 252 of the Practice Book, the pertinent provisions of which are quoted in the footnote.[1] See Practice Book § 800.

---

[1] "[Practice Book] Sec. 248. REQUESTS TO CHARGE AND EXCEPTIONS. Sec. 249.—NECESSITY FOR. The supreme court of errors shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. . . . Sec. 250.—REQUESTS TO CHARGE ON SPECIFIC CLAIMS. Any party intending to claim the benefit of the last clear chance doctrine, supervening negligence, superseding cause, intervening cause, assumption of risk or any specific statute shall file a written request to charge on the legal principle involved. Sec. 251.—FILING REQUESTS. Written requests

In *Syms* v. *Harmon,* 134 Conn. 653, 656, our Supreme Court, speaking of what is now Practice Book § 250, ruled as follows: "The purpose of these requirements is apparent. The principles named are important, and an opportunity should be afforded the trial court to place them in their proper relation to the rest of the charge if it is to be intelligible to the jury. If a charge on them is omitted and the omission is first called to the court's attention after the charge has been delivered, it would in many cases be very difficult to add a charge on them in such a way as to help the jury. The rule is reasonable and this portion is mandatory." In the present case the defendant's request to charge was oral. See also *Antz* v. *Coppolo,* 137 Conn. 69, 72.

The case of *Lowell* v. *Daly,* 148 Conn. 266, elaborates further on the specificity of written requests to charge. The plaintiffs had filed a request to charge as to the so-called "following too closely" statute. General Statutes § 14-240. In effect, it merely quoted the statute and stated that such a violation would constitute negligence per se and if it was the proximate cause of the collision would render the defendants liable. This charge was substantially given. "Quite apart from the technical requirements of [Practice Book, 1951] § 153 [part of which has been retained as § 250 of Practice Book, 1963] or any other rule, it is sound practice to submit requests to charge, with supporting citations, covering unusual or difficult legal points as early in

to charge the jury must be filed in triplicate and in writing with the clerk before the beginning of the arguments and he shall file them and forthwith hand one copy to the court and one to the opposing counsel. Sec. 252.—FORM AND CONTENTS OF REQUESTS. When there are several requests, they shall be in separate and numbered paragraphs, each containing a single proposition of law clearly and concisely stated, with the citation of authority upon which it is based. If the request is granted, the court shall apply the proposition of law to the facts of the case. . . ."

a trial as is reasonably possible, so as to accord the court a fair opportunity for study and consideration of the questions involved." *Lowell* v. *Daly,* 148 Conn. 266, 271; *Capone* v. *Sloan,* 149 Conn. 538, 541; *State* v. *McNamara,* 128 Conn. 273, 275.

"An incorrect statement of a material and important fact which is apt to mislead the jury constitutes error, although a trial court is given much latitude in discussing the evidence in the charge. *Schiavo* v. *Cozzolino,* 134 Conn. 388, 391 . . . ." *Worden* v. *Francis,* 148 Conn. 459, 464. No claim is made here that the court's charge misstated the facts or that it was an incorrect instruction on any issue of law. "Whether such [alleged] negligence was a proximate cause of the collision was a question of fact. The jury might well have found that the collision would have occurred even if a signal had been given as required by statute. They might have found that, by reason of the distance between the two cars and their respective positions on the highway at the time a . . . signal should have been given, the signal, if given, would not have been visible to the defendant." *Peichert* v. *January,* 142 Conn. 139, 142. "The . . . [plaintiffs] did not file any request to charge, leaving it to the court to deal with the subject as it saw fit. . . . The court may restrict its charge to claims actually made on the trial." *Walczak* v. *Daniel,* 148 Conn. 592, 594, 595.

In its additional charge, the court instructed the jury correctly on the application of General Statutes § 14-242 (a) and (b) to the facts presented in the instant case. See *Marcio* v. *Helm's Express, Inc.,* 154 Conn. 615, 620. In the original charge, the court, of its own motion, generally had included instructions pertaining to the principal legal issue raised here, and it expanded on them on the supposition that this portion of the charge had been omitted

through inadvertence. "It was not error for the court, suo motu, to charge on the applicable statutes." *Domenick* v. *Wilbert Burial Vault Co.,* 149 Conn. 381, 386. " 'A charge must be read and considered in its entirety.' *Salvatore* v. *Hayden,* 144 Conn. 437, 442, . . . ." Id., 387.

The remaining assignments of error, except as discussed in this opinion, have not been pursued in brief or argument and are considered abandoned. Maltbie, Conn. App. Proc. §§ 167, 327.

There is no error.

In this opinion DiCenzo and Jacobs, Js., concurred.