[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT
The plaintiff instituted the present action seeking to recover damages from the defendant, the State of Connecticut, for personal injuries claimed to have been received when a vehicle owned by the defendant, and operated by one of its employees, struck the rear of the plaintiff's vehicle. The defendant did not file a special defense alleging any fault on the part of the plaintiff and the evidence would not justify any such claim. After a trial, the jury returned a verdict in favor of the defendant.
The evidence established that the plaintiff took Exit 16 off of the Connecticut Turnpike and brought his vehicle to a stop behind another vehicle in response to a red traffic light at the intersection of the exit ramp and East Avenue in Norwalk, Connecticut. The plaintiff was stopped for some period of time when he was struck in the rear by a vehicle owned by the defendant. The operator of the defendant's vehicle testified that while she CT Page 3620 was traveling on the Connecticut Turnpike between Exit 15 and Exit 16, the fastest speed she obtained was 45 miles an hour and that the weather conditions were rainy, misty and wet. When she exited the highway at Exit 16, she saw two vehicles ahead of her at the light and she intended to stop her vehicle behind the plaintiff's vehicle. As she was slowing down, her vehicle began to slide and she struck the rear of the plaintiff's vehicle. Prior to the accident, the tires on her vehicle were in good condition, her brakes were working, and her vehicle did not slide at any time up to that point and that she attempted to avoid the plaintiff's vehicle but was unsuccessful in doing so.
The plaintiff asserts three claims in support of the Motion To Set Aside The Verdict, to wit: (1) the verdict is against the evidence; (2) the court erred in failing to charge the jury as requested, with respect to the failure on the part of the operator of the defendant's vehicle to drive a reasonable distance behind the plaintiff's vehicle as required by General Statutes 14-240(a); and (3) the court erred in excluding certain voir dire questions designed to discover past or present employment with insurance companies.
"[L]itigants have a constitutional right to have factual issues resolved by the jury . . . . Thus, the role of the trial court on a motion to set aside the jury's verdict is not to sit as a seventh juror, but, rather, to decide whether, viewing the evidence in the light most favorable to the prevailing party, the jury could reasonably have reached the verdict that it did." Berry v. Loiseau, 223 Conn. 786, 807-808 (1992). The court cannot set the verdict aside because it disagrees with the verdict reached by the jury or because it may have decided the case differently.
Skidding, in and of itself, is not evidence of negligence. See, e.g., Lowell v. Daly, 148 Conn. 266, 273 (1961). Our Supreme Court has, on a number of occasions, upheld verdicts for a defendant in rear-end types of collisions. See, e.g., O'Brien v. Cordova, 171 Conn. 303 (1976); Gosselin v. Perry, 166 Conn. 152
(1974); Lowell v. Daly, supra. There were no admissions made by the operator of the defendant's vehicle which would provide the court with a basis for finding that the accident was caused by the negligent operation of the vehicle. Under such circumstances, the court cannot deprive the defendant of its right to have the factual issues determined by the jury and not by the court.
The plaintiff also asserts that the verdict should be set CT Page 3621 aside because the court failed to charge the jury as requested with respect to the claim that the operator of the defendant's vehicle was following too closely as required by General Statutes 14-240
which provides as follows:
 "Vehicles to be driven reasonable distance apart . . (a) No driver of a motor vehicle shall follow another vehicle more closely than is reasonable and prudent having regard for the speed of such vehicles, the traffic upon and the conditions of the highway and weather conditions."
The plaintiff asserts that Websters Dictionary (1986 Edition) defines the word "follow" as meaning "to go after", or "to move behind". The plaintiff claims that since the accident involved a rear-end collision it is obvious that the defendant's vehicle came after the plaintiff's vehicle or was behind the plaintiff's vehicle and, therefore, he was entitled to receive the "following too closely" charge.
It is true that a word such as "following" does not necessarily mean "immediately thereafter", but may, in context, constitute a general term meaning "going or coming after". See, Ball v. Town Planning and Zoning Commission, 146 Conn. 397, 403
(1959). Where evidence is conflicting as to whether a vehicle struck another vehicle that was in motion, or was coming to a stop or stopped and where there is conflicting evidence as to the distance between the vehicles, the provisions of General Statutes14-240(a) are applicable. See, State v. Tobey, 2 Conn. Cir. Ct. 485 (1964). In Lowell v. Daly, 148 Conn. 266, 269 (1961), the trial court charged that if the plaintiff's car was stopped at a stop sign when the defendant operator first saw it, or in the exercise of reasonable care should have seen it, the "following too closely" statute did not apply. While the court held an appropriate instruction was not properly requested, it did state, in dictum, that "we incline to the view that the charge, under the claims of proof this particular case, was not erroneous." at p. 271.
In the present case, there is no evidence that the operator of the defendant's vehicle saw the plaintiff's vehicle at any time while it was moving or other than in a stopped condition at the light. The operator of the defendant's vehicle testified that as she left the highway onto the exit ramp she saw the plaintiff's vehicle at the light. Under General Statutes 14-240(a), one of the considerations in application of the statute involves the CT Page 3622 "speed of such vehicles". The position advocated by the plaintiff with respect to the application of the statute would mean that the statute would be applicable in any rear-end collision. The court, however, holds that under the facts of this case, the "following too closely" statute was not applicable and, accordingly, the failure to instruct the jury with respect to the application of that statute was not error.
The third ground of error asserted by the plaintiff involves a ruling of the court with respect to questions directed to respective jurors regarding relationship with insurance companies. The counsel for the defendant initially objected to a question by counsel's to plaintiff, to wit "[H]as your wife ever worked for an insurance company." Counsel for the defendant indicated that the questions involved inquiries of perspective jurors as to whether he or any family member is a stockholder, officer, agent or employee of an insurance company. The counsel for the plaintiff asserted that the questions were appropriate "since such relationship may affect the juror's ability to be fair and impartial."
The court ruled that, since there was no insurance aspect that was going to be in evidence, the questions tended to focus on something that was unnecessary and in such a way as to leave the jury to believe that was insurance involved in the case. The court therefore ruled the questions were inappropriate. The court also noted that it was not necessary for insurance to be directly injected into the case in order for the plaintiff to obtain the information he thought appropriate. The court noted that there are other ways of gaining information from prospective jurors such as asking whether the prospective juror or any member of his family was ever involved in the investigation of claims or where they are or have been employed.
The determination of questions asked of prospective jurors is a discretionary matter. Robinson v. Faulkner, 163 Conn. 365, 374
(1972); Lowell v. Daly, supra at 268; Girard v. Grosvenordale Co.,82 Conn. 271, 279-280 (1909). The court is aware that the questions to prospective jurors relating to insurance have been upheld in a variety of situations. See, Annot. 4 A.L.R.2d 761, 792 (1949). In the present case, the court is of the opinion that the direct questions, relating to insurance, without establishing any necessary foundation, asked of the prospective jurors tended to place insurance, which was not an issue in the case, directly in the mind of the prospective juror. There was no attempt to establish a foundation to elicit questions relating to insurance CT Page 3623 and the court believes that it was inappropriate to raise such issues in the manner indicated. See, Roman v. Mitchell, 87 N.J. 366,413 A.2d 322 (1980); Shavin v. Cope, 243 A.2d 694 (Del. 1968).
Accordingly, the Motion to Set Aside the Verdict is denied.
RUSH, J.