[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#125)
This is a personal injury action brought by the plaintiff, Michael Monaghan, ("Monaghan") seeking damages for injuries he allegedly sustained as a result of a motor vehicle accident. Monaghan's complaint alleges the following facts. On December 21, 1996, while acting as a driving instructor for Rae's Driving School, Monaghan was a passenger in a vehicle being operated by a student which was stopped at a red traffic light on East Main Street in Branford, Connecticut. The Monaghan vehicle was the first in the line of traffic. The defendant John Scalia ("Scalia") was operating his vehicle in the roadway behind Monaghan, and his vehicle was caused to collide with the rear of the vehicle operated by defendant Sandra Arcari ("Arcari") which then collided with the vehicle being operated by Michael Marinuzzi ("Marinuzzi") which then struck Monaghan's vehicle. As a result of this chain reaction accident, Monaghan sustained CT Page 16340 personal injuries.
Monaghan's complaint was brought in three counts — one count as to each of the three defendants. By separate motion, and without objection by Monaghan, summary judgment has entered in favor of Arcari and Marinuzzi. Monaghan now moves for summary judgment as to liability only against Scalia.
In support of his motion, Monaghan has submitted an affidavit attesting that on December 21, 1996 at approximately 3:50 p. m. the weather was clear, dry and sunny; that he was a passenger in a car being operated by a student; that the car was the first car in line at a stop light; and that there was a chain reaction crash of cars behind him that resulted in the Mazda vehicle behind him crashing into the Rae's Driving School vehicle.
Based on his affidavit as well as the affidavits of Scalia and Marinuzzi, Monaghan claims that there is no genuine issue as to material fact regarding Scalia's negligence and he is entitled to judgment as to liability as a matter of law.
Scalia objects to the motion for summary judgment and has submitted an affidavit in support of his objection. In his affidavit, Scalia attests that while driving on East Main Street in Branford on December 21, 1996, he was "blinded by the sun" and immediately hit his breaks and skidded into the rear of the Arcari vehicle.
For the reasons set forth herein, the motion for summary judgment is denied.
 Discussion
It is well settled that a motion for summary judgment is only appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. In general, summary judgment is not appropriate to resolve negligence cases because their fact-bound nature requires resolution by a trier of fact. Fogarty v. Rashaw,193 Conn. 442, 446 (1984).
Whether summary judgment should be granted in this case turns on whether Scalia's claim of being blinded by the sun immediately prior to the collision raises an issue of material fact. CT Page 16341
The mere fact that the plaintiffs vehicle was struck in the rear by a vehicle as a result of the defendant skidding into the car ahead of him, does not automatically establish actionable negligence. Lowell v. Daly, 148 Conn. 266, 273 (1961). While in Lowell there was evidence of glare ice in the vicinity of the collision and here the claim is sun glare, the point is the same: skidding, in and of itself, is not conclusive evidence of negligence. Lowell v. Daly, supra 148 Conn. 273.
Whether the trier of fact will accept Scalia's claim is another matter. The court's role at this stage is not to decide issues of material fact but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
The defendant's claim as to sun blinding raises a material issue of fact as to his negligence. Accordingly, the plaintiffs motion for summary judgment is denied.
So ordered at New Haven, Connecticut this 17th day of December 1999.
Devlin, J.